IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SETH D. HARRIS, Acting Secretary of Labor, United States Department of Labor,<br><br>Plaintiff(s),<br>v.<br><br>SAYED HASAN ABBAS, dba AAA Yellow Cab, et. al.,<br><br>Defendant(s). | CASE NO. 5:13-mc-80030 EJD<br><br>**ORDER DISMISSING PETITION TO ENFORCE ADMINISTRATIVE SUBPOENAS**<br><br>[Docket Item No. 1] |

In this administrative enforcement proceeding, Petitioner Seth D. Harris, in his capacity as Acting Secretary of the United States Department of Labor ("Petitioner"), petitions for an order enforcing investigatory subpoenas directed to Respondent Sayed Hasan Abbas and related entities alleged to be owned or controlled by him ("Respondents").[1]  See Docket Item No. 1. According to Petitioner, the subpoenas are necessary to obtain information concerning Respondents' classification of taxi cab drivers as independent contractors rather than employees.

On February 22, 2013, the court issued an order requiring Respondents to demonstrate why the subpoenas should not be enforced.  See Docket Item No. 6.  Respondents, specially appearing, filed a written response to the Order to Show Cause ("OSC") objecting to personal jurisdiction.  See

---

[1] These entities are: AAA Yellow Cab, All Bay Taxi Cab, All Bay Yellow Cab, Los Altos Yellow Cab, Stanford Yellow Cab Palo Alto, Yellow AAA Cab, Yellow Cab, Yellow Cab Allbay, Yellow Cab of Stanford, Yellow Cab Santa Clara, AAA Legacy Limousines, Inc., Stanford Yellow Cab, Inc, and First Choice Logistics, Inc.

1
CASE NO. 5:13-mc-80030 EJD
ORDER DISMISSING PETITION TO ENFORCE ADMINISTRATIVE SUBPOENAS

Docket Item No. 7.

The parties appeared for a hearing on this matter on March 15, 2013. Having carefully considered the relevant pleadings, the court has determined that Respondents' jurisdictional objection is meritorious. Accordingly, as previously indicated on the record, the Petition will be dismissed without prejudice.

## I.   BACKGROUND

As stated in the pleadings, the Wage and Hour Division of the Department of Labor has initiated an investigation of Respondent after receiving complaints alleging that Respondents improperly classified taxi drivers as independent contractors and failed to pay them minimum wage or overtime compensation as required by the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et. seq.*

On October 24, 2012, Petitioner issued subpoenas to Respondents seeking the production of certain records related to wages, hours and other conditions and practices of employment by November 1, 2012. Petitioner states that these subpoenas were served on the same date.

On October 31, 2012, Respondents, through his attorney, produced some documents in response to the subpoenas but also served objections. These objections principally asserted that Petitioner had served subpoenas on the incorrect entities and improperly sought information regarding independent contractors.

The parties engaged in some colloquy concerning Respondents' compliance with the subpoenas subsequent to the date of production. They could not, however, reach an agreement to resolve their issues. The dispute resulted in the instant action.

## II.   LEGAL STANDARD AND JURISDICTION

As applied through 29 U.S.C. § 209, "the district courts of the United States shall have jurisdiction to issue writs of mandamus commanding any person, partnership, or corporation to comply with this Act or any order of the commission made in pursuance thereof." 15 U.S.C. § 49.

The scope of judicial inquiry in an agency subpoena enforcement proceeding is narrow. "The critical questions are: (1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and

material to the investigation." <u>Equal Employment Opportunity Commission v. Children's Hospital Medical Center of Northern California</u>, 719 F.2d 1426, 1428 (9th Cir 1983).

An affidavit from a government official is sufficient to establish a prima facie showing that these requirements have been met. <u>Federal Deposit Insurance Corporation v. Garner</u>, 126 F.3d 1138, 1143 (9th Cir 1997). If these factors are shown by the agency, the subpoena should be enforced unless the party being investigated proves the inquiry is unreasonable because it is overbroad or unduly burdensome. <u>Children's Hospital</u>, 719 F2d at 1428.

### III.   DISCUSSION

Since Respondents have entered only a "special appearance" in response to the OSC, the court must first address whether there has service of process is sufficient to confer personal jurisdiction. Doing so reveals that all procedural requirements enforcement have not been followed.

The Federal Rules of Civil Procedure apply "to proceedings to compel testimony or the production of documents through a subpoena issued by a United States officer or agency under a federal statute, except as otherwise provided by statute, by local rule, or by court order in the proceedings." Fed. R. Civ. P. 81(a)(5).

This district has not implemented a local rule addressing service of process in subpoena enforcement actions. Nor did the court provide special instruction for service when it issued the OSC, other than to order Petitioner to "forwith serve copies of this Order to Show Cause and a copy of the Petition and supporting documents on Respondents." Thus, Rule 81 mandates application of the general civil rules governing initial service.

Although it is not entirely clear, it appears that Petitioner is seeking the records of certain corporate entities. Pursuant to Federal Rule of Civil Procedure 4(h), a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Service may also be effected by any method authorized under the law of the state in which the district court is located. Fed. R. Civ. P. 4(h)(1)(A). The California Code of Civil Procedure provides for service of process on corporations through its officers, including any "general manager," but if none of those individuals can be served, by leaving a copy of the summons

3
CASE NO. 5:13-mc-80030 EJD
ORDER DISMISSING PETITION TO ENFORCE ADMINISTRATIVE SUBPOENAS

and complaint during office hours with a "person who is apparently in charge," and thereafter mailing a copy of the summons and complaint by U.S. Mail. Cal. Code Civ. Proc. § 415.20.

Here, Petitioner did not properly serve the initiating documents pursuant to either Rule 4(h) or California Civil Procedure Code § 415.20. The Certificate of Service filed March 11, 2013, indicates only that the Petition and OSC were delivered to Johana Hartman at the Law Offices of Eric F. Hartman in San Jose, California. See Docket Item No. 8. No other information concerning Johana Hartman or her authority to accept service on behalf of Respondents, or any of them, is provided.

At the hearing, Petitioner clarified an intention serve Respondent's attorney in lieu of Respondent. Such service, however, is not satisfactory for initiating pleadings under these circumstances. "Without express authorization, an attorney does not have the implied authority to become an agent for service of process." Wilson v. Eddy, 2 Cal. App. 3d 613, 618 (1969). Aside from a letter directing general inquiry to him, an express authorization for Hartman to accept service on behalf of any Respondents has not been presented.

Nor is it possible to rely on the more liberal service provisions described in Federal Rule of Civil Procedure 5. For an initial pleading such as the Petition, Federal Rule of Civil Procedure 4 requires personal service on the named party. See United States v. Gilleran, 992 F.2d 232, 233 (9th Cir. 1993) (stating in relation to an OSC to enforce an IRS summons that "[s]ervice must be made in compliance with Rule 4 of the Federal Rules of Civil Procedure."). It is only after initial service in conformity with Rule 4 that a party's attorney, rather than the named party, can be served under Rule 5.

In addition, the Certificate of Service filed by Petitioner is inadequate. Despite Rule 4(l)'s requirement that service be proven by "the server's affidavit," the Certificate of Service was not executed under penalty of perjury.[2] It is also impossible to tell from the document which of the

---

[2] "Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration . . . or affidavit, in writing of the person making the same . . . such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the

United States District Court
For the Northern District of California

1 thirteen entities subject to this action were purportedly served when, it seems, only one copy of each
2 of the documents listed was delivered on February 22nd.

3   Because the court finds that service of process was not accomplished in the manner required, personal jurisdiction over Respondents has not been perfected. See Gilleran, 992 F.2d 233 ("The district court acquires personal jurisdiction over the taxpayer by service of the show cause order and the petition for enforcement of the summons."). The court therefore cannot proceed to the merits as any orders issued would be void. Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985).

### IV.  ORDER

Based on the foregoing, the Petition is DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction. Petitioner may initiate a subsequent enforcement proceeding, if necessary, by filing a new Petition and accomplishing service of process consistent with the discussion above.

**IT IS SO ORDERED.**

Dated: March 15, 2013

EDWARD J. DAVILA
United States District Judge

---

following form . . . If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746.